# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: July 5, 2017)
No. 14-741V

\* \* \* \* \* \* \* \* \* \* \* \* \*

SARA ELIZABETH SAJBEL,               \*         UNPUBLISHED
*as Representative of the Estate of*   \*
*B.B.T., Deceased*                     \*
                                       \*
                    Petitioner,        \*         Decision Awarding Damages;
                                       \*         Proffer; Hepatitis B Vaccine;
v.                                     \*         Hemophagocytic
                                       \*         Lymphohistiocytosis ("HLH");
SECRETARY OF HEALTH                    \*         Death.
AND HUMAN SERVICES,                    \*
                                       \*
                    Respondent.        \*
                                       \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage, Esq., Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Lisa Watts, Esq., US Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On August 15, 2014, Sara Sajbel ["Ms. Sajbel or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of the estate

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of her deceased minor child, B.B.T. Petitioner alleges that B.B.T. developed hemophagocytic lymphohistiocytosis ("HLH") after receiving a hepatitis B vaccine on March 28, 2013, which resulted in his death on June 26, 2013. *See* Petition, ECF No. 1.

An entitlement hearing was held; on March 31, 2017, the undersigned issued a Ruling on Entitlement finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 75.

Respondent filed a proffer on July 5, 2017, agreeing to issue the following payments:

> **(1) A lump sum of $503,156.00, representing compensation for the statutory death benefit ($250,000.00), past pain and suffering ($250,000.00), and past unreimbursed expenses ($3,156.00) in the form of a check payable to petitioner, Sara Sajbel, as legal representative of the estate of B.B.T.[3]**

> **(2) A lump sum payment of $125,681.34**, representing compensation for satisfaction of the State of Colorado Medicaid lien (State I.D. O304559), payable jointly to petitioner and

> The Department of Health Care Policy & Financing
> 1570 Grant Street
> Denver, CO 80203
> Attn: Mr. Vialpando

> Petitioner agrees to endorse this payment to the State of Colorado. This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] Pursuant to respondent's Proffer, no payment shall be made until petitioner provides respondent with documentation establishing she has been appointed as the legal representative of the estate of B.B.T.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SARA ELIZABETH SAJBEL, as Representative of the Estate of B.B.T., Deceased, | ) ) ) |
| | ) **ECF** |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14-741V |
| | ) Special Master |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Mindy Michaels Roth ) |
| | ) |
| Respondent. | ) ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

In her Ruling on Entitlement issued on March 31, 2017, the Special Master found that a preponderance of the evidence indicates that a Hepatitis B vaccine administered to B.B.T. on March 28, 2013, caused his hemophagocytic lymphohistiocytosis, which resulted in his death on June 26, 2013. Respondent now Proffers the following regarding the amount of compensation to be awarded.[1]

I.      **Items of Compensation**

A.      Death Benefit

Respondent proffers that petitioner, on behalf of B.B.T.'s estate, should be awarded $250,000.00 as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(2). Petitioner agrees.

---

[1] The parties have no objection to the proffered award of damages. However, respondent reserves his right to seek review of the Special Master's decision pursuant to 42 U.S.C. § 300aa-12(e)(1).

B.     <u>Pain and Suffering</u>

Respondent proffers that petitioner, on behalf of B.B.T.'s estate, should be awarded

$250,000.00 in actual pain and suffering.  <u>See</u> 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

C.     <u>Past Unreimbursed Expenses</u>

Petitioner claims $3,156.00 for past unreimbursed expenses related to B.B.T.'s vaccine-

related injury and death.  Respondent proffers that petitioner should be awarded past

unreimbursed expenses in the amount of $3,156.00.  Petitioner agrees.

D.     <u>Medicaid Lien</u>

Respondent proffers that petitioner, on behalf of B.B.T.'s estate, should be awarded funds

to satisfy the State of Colorado lien in the amount of $125,681.34, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of

Colorado may have against any individual as a result of any Medicaid payments the State of

Colorado has made on behalf of B.B.T. from the date of his eligibility for benefits through the

date of his death as a result of his vaccine-related injury under Title XIX of the Social Security

Act.  Petitioner agrees.

## II.     **Form of the Award**

The parties recommend that the compensation awarded to petitioner, on behalf of

B.B.T.'s estate, be made in lump sum payments as described below, and request that the Special

Master's decision and the Court's judgment award the following:

A.  A lump sum payment of $503,156.00, representing compensation for the statutory

death benefit ($250,000.00), past pain and suffering ($250,000.00), and past unreimbursed

expenses ($3,156.00) in the form of a check payable to petitioner as the legal representative of

the estate of B.B.T.  No payment shall be made until petitioner provides respondent with

documentation establishing she has been appointed as the legal representative of the estate of

B.B.T.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal

representative of the estate of B.B.T., any such payment shall be made to the party or parties

appointed by a court of competent jurisdiction to serve as the legal representative of the estate of

B.B.T. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $125,681.34, representing compensation for satisfaction of

the State of Colorado Medicaid lien (State I.D. O304559), payable jointly to petitioner and

The Department of Health Care Policy & Financing
1570 Grant Street
Denver, CO 80203
Attn: Mr. Vialpando

Petitioner agrees to endorse this payment to the State of Colorado.

**III.**   **Summary of Recommended Payments Following Judgment**

A.     Lump sum paid to petitioner as legal representative
of the estate of B.B.T.:                                    **$ 503,156.00**

B.     Medicaid Lien:                                       **$ 125,681.34**

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-4099

DATED: July 5, 2017