# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 14-741V

Filed: August 30, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| SARA ELIZABETH SAJBEL, | * | UNPUBLISHED |
| *as Representative of the Estate of B.B.T.,* | * | |
| *Deceased* | * | |
| | * | |
| | * | Decision on Attorneys' Fees and Costs; |
| Petitioner, | * | Respondent Does Not Object. |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Richard Gage, Esq., Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Lisa Watts, Esq., U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 15, 2014, Sara Sajbel ("Ms. Sajbel," or "petitioner") filed a petition as representative of the estate of her deceased son, B.B.T., for compensation under the National Vaccine Injury Compensation Program.[2] The petition alleged that the hepatitis B vaccination that B.B.T. received on March 28, 2013 caused him to suffer from hemophagocytic lymphohistiocytosis ("HLH"), which resulted in his death on June 26, 2013. *See* Petition ("Pet."), ECF No. 1. An entitlement hearing was held on April 14, 2016; the undersigned later issued a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

decision finding that petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 75. On July 5, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. *See* Decision, ECF No. 82.

On August 11, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 87. Petitioner requests attorneys' fees in the amount of $68,846.10 and attorneys' costs in the amount of $37,337.09, for a total amount of $106,183.19. Motion for Fees, Tab A at 4. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $1,633.95 in out-of-pocket expenses. *Id*.

On August 22, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 88. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner did not file a reply. This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for

the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Gage's firm is located in Cheyenne, Wyoming. Special masters have consistently denied forum rates to legal professionals practicing in the Cheyenne area. *See, e.g.*, *Onikama v. Sec'y of Health & Human Servs.*, No. 15-1348V, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017); *Anthony v. Sec'y of Health & Human Servs.*, No. 14-860, 2016 WL 7733084 (Fed. Cl. Spec. Mstr. Dec. 15, 2016). Therefore, forum rates do not apply in this case.

The requested hourly rates for Mr. Gage[3] and his associates, Mr. Donald Gerstein, Mr. Dustin Lujan, Ms. Kayla Spencer, and Ms. Kristen Blume are consistent with rates previously found to be reasonable. *Henderson v. Sec'y of Health & Human Servs.*,No. 14-1082V, 2017 WL 2628170 (Fed. Cl. Spec. Mstr. May 25, 2017)(Finding appropriate hourly rates for Mr. Gage and Mr. Gerstein); *Onikama*, 2017 WL 1718798 (Finding appropriate hourly rates for Mr. Gage and Mr. Lujan); *Auch v. Sec'y of Health & Human Serv*s., No. 12-673V, 2017 WL 1718783 (Fed. Cl. Spec. Mstr. Apr. 5, 2017) (Finding appropriate hourly rates for Ms. Blume and Ms. Spencer to be $251 and $145, respectively).

Likewise, the requested hourly rates for Mr. Gage's paralegals, Ms. Susan McNair, Mr. Brian Vance, Ms. Helen Nelson, and Ms. Kara Sutton are consistent with rates previously found to be reasonable. *Onikama*, 2017 WL 1718798 (Finding an appropriate hourly rate for Ms. McNair and Mr. Vance to be $120); *Auch v. Sec'y of Health & Human Servs.*, No. 12-673, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016)(Finding an appropriate hourly rate for work performed in 2013 by Ms. Nelson and Ms. Sutton to be $110.08).

Based on the foregoing, the undersigned finds the requested rates to be reasonable.

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys

---

[3] Mr. Gage's hourly rate for 2013 is listed as $294.86; however, the amount that he actually billed for work performed in 2013 corresponds to an hourly rate of $270.00. Motion for Fees, Tab C at 8.

entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Mr. Gage billed 3 hours on April 13, 2016 and 3 hours on April 14, 2016 as "travel at ½ rate," but billed at his full hourly rate of $311. Motion for Fees, Tab C, at 17. While an attorney may bill for work peformed while traveling, "special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program." *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at * 24. Therefore, attorneys' fees will be reduced by $933.00.

With the exception of the foregoing, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Motion for Fees, Tabs C-G. I therefore see no reason to further reduce petitioner's fees.

**C.    Reasonable Attorneys' Costs**

Petitioner requested a total of $37,337.09 in attorneys' costs, including $34,200 in expert fees to Dr. Byers, $1,771.27 in travel costs, and $916.65 in costs associated with obtaining medical records. *See* Motion for Fees, Tab H, at 42-43, 60.The undersigned finds petitioner's requested costs to be reasonable.

**D.    Reasonable Petitioner's Costs**

Petitioner requested $1,633.95 in out of pocket expenses, including $1,121.75 in costs associated with setting up the estate, as required by the Program, and $404.20 for hotel rooms for Mr. Gage and Dr. Byers for March 23, 2016.[4] Motion for Fees, Tab I, at 62. Petitioner will be reimbursed $1,633.95 in out of pocket expenses.

---

[4] Counsel is cautioned against outsourcing case expenses to the client and is advised to wait for reimbursement from the Program, following the filing of an application for attorneys' fees and costs. The entitlement hearing held in this matter was originally scheduled for March 24 and 25, 2016, but had to be rescheduled due to inclement weather.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $106,884.14**[5] **as follows:**

- **$105,250.19 representing reimbursement for attorneys' fees and costs,** with attorneys' fees in the amount of $67,913.10 and costs in the amount of $37,337.09, in the form of a check made payable jointly to petitioners and petitioner's counsel, Richard Gage, Esq, and

- **$1,633.95 representing reimbursement for out-of-pocket expenses**, in the form of a check made payable to petitioner, Sara Elizabeth Sajbel.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.